IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENDALL COOKE,

    Petitioner,        No. 2:10-cv-2399 FCD DAD (HC)

  vs.

DEPARTMENT OF CORRECTIONS,

    Respondent.       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an August 28, 2008 prison disciplinary conviction for engaging in sexual behavior in violation of Cal. Code Reg. § 3007. Respondent has moved to dismiss this action for lack of jurisdiction and for failure to state a cognizable claim for relief. Respondent contends, inter alia, that because petitioner is a life prisoner he cannot earn time credits to reduce his minimum prison term and, therefore, that "the disciplinary decision could not deprive him of credits" and a favorable decision in this action will not affect the length of his prison confinement. Motion to Dismiss, filed January 11, 2011, at 2. Respondent also contends that because petitioner cannot lose time credits, the due process protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974) "do not apply." Id. Petitioner

1  opposes the motion.

2  Federal habeas corpus jurisdiction lies for claims that go to "the validity of the
3  fact or length of [prison] confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Habeas
4  corpus jurisdiction lies over a challenge to a prison disciplinary conviction "if expungement [of
5  the conviction] is likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza,
6  334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).
7  "Bostic does not hold that habeas corpus jurisdiction is always available to seek the expungement
8  of a prison disciplinary record. Instead, a writ of habeas corpus is proper only where
9  expungement is '*likely* to accelerate the prisoner's eligibility for parole." Ramirez at 858
10 (quoting Bostic at 1269).

11 The sine qua non for habeas corpus jurisdiction is a nexus between success on the
12 claim and effect on the duration of confinement. See Docken v. Chase, 393 F.3d 1024, 1031 (9th
13 Cir. 2004). Credit loss may be one way to establish the necessary nexus for a challenge to a
14 prison disciplinary conviction, but it is not the only showing that would permit the exercise of
15 habeas corpus jurisdiction over such a challenge. In Docken, the United States Court of Appeals
16 for the Ninth Circuit held that habeas corpus jurisdiction lies over a claim that changes to the
17 frequency of parole review violates the Ex Post Facto Clause. Specifically, the court held that
18 "when prison inmates seek only equitable relief in challenging aspects of their parole review that,
19 so long as they prevail, *could* potentially affect the duration of their confinement, such relief is
20 available under the federal habeas statute." Id. at 1031. Thus, a showing of that a prison
21 disciplinary conviction has had an impact on either the timing of parole consideration or an
22 actual parole decision may be sufficient to establish habeas corpus jurisdiction over a challenge
23 to that disciplinary conviction.

24 The record before the court reflects that petitioner did not lose any time credits as
25 a result of the challenged prison disciplinary conviction. However, this was apparently not
26 because of his status as a life prisoner but rather because "time constraints" had not been met

1 and, pursuant to applicable regulations, "credit forfeiture [could] not be assessed." Ex. B to
2 Petition for Writ of Habeas Corpus to California Supreme Court, appended as exhibit to Petition
3 for Writ of Habeas Corpus, filed August 27, 2010, at 3.  Thus, some of the arguments raised in
4 respondent's motion are inapposite.  The question of jurisdiction over these proceedings is,
5 nonetheless, one that must be resolved.  See Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir.
6 2009) (court must establish that it has jurisdiction over habeas corpus action before it "may reach
7 the merits").

8     Petitioner is serving a prison sentence that includes the possibility of parole
9 consideration.  Petitioner's current parole status is not clear from the record.  In his opposition to
10 the pending motion to dismiss, petitioner represents that he has requested his "Legal Status
11 Summary Sheet" from his correctional counselor, and that this sheet "would show" that
12 petitioner's "'Release Date'" has been changed as a result of the challenged disciplinary
13 conviction.  Pet'r's Opp' to Resp't's Mot. to Dismiss (Doc. No. 18), filed Feb. 7, 2011, at 3.
14 Good cause appearing, the parties will be directed to file, within thirty days, any evidence that
15 may bear on the question of whether petitioner's eligibility for parole has been affected by the
16 prison disciplinary conviction at issue in these proceedings, either in connection with the timing
17 of any parole consideration hearing or with the decision to grant or denial of parole.  Thereafter
18 respondent's motion to dismiss will be submitted for decision.

19     In accordance with the above, IT IS HEREBY ORDERED that within thirty days
20 from the date of this order, the parties shall file any evidence that may bear on the question of
21 whether petitioner's eligibility for parole has been affected by the prison disciplinary conviction
22 challenged in these proceedings either in connection with the timing of any parole consideration
23 hearing or with the grant or denial of parole.

24 DATED: April 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
cook2399.fb