IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENDALL COOKE,

    Petitioner,                    No. 2:10-cv-2399 FCD DAD (HC)

    vs.

DEPARTMENT OF CORRECTIONS,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his August 28, 2008 prison disciplinary conviction for engaging in sexual behavior in violation of California Code of Regulations § 3007. Respondent has moved to dismiss this habeas action for lack of jurisdiction and for failure to state a cognizable claim for habeas relief.

        Respondent contends, <u>inter alia</u>, that because petitioner is a life prisoner he cannot earn time credits to reduce his minimum prison term and, therefore, that "the disciplinary decision could not deprive him of credits" and a favorable decision in this action will not affect the length of his prison confinement. Motion to Dismiss, filed January 11, 2011 (Doc. No. 17), at 2. Respondent also argues that because petitioner cannot lose time credits, the due process

1

protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974) "do not apply." Id.  Petitioner opposes the motion.

By order filed April 29, 2011, the parties were directed to file within thirty days any evidence that may bear on the question of whether petitioner's eligibility for parole has been affected by the challenged prison disciplinary conviction either in connection with the timing of any parole consideration hearing or with the grant or denial of parole.  The parties have each filed evidence in response to the court's order.

As the court noted in its April 29, 2011 order, the establishment of jurisdiction is a necessary prerequisite to proceeding with this action.  See Order filed April 29, 2011 at 3 (citing Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009)).  Federal habeas corpus jurisdiction lies for claims that go to "the validity of the fact or length of [prison] confinement."  Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).  Habeas corpus jurisdiction lies over a challenge to a prison disciplinary conviction "if expungement [of the conviction] is likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  "Bostic does not hold that habeas corpus jurisdiction is always available to seek the expungement of a prison disciplinary record.  Instead, a writ of habeas corpus is proper only where expungement is '*likely* to accelerate the prisoner's eligibility for parole." Ramirez at 858 (quoting Bostic at 1269).

The sine qua non for habeas corpus jurisdiction is a nexus between success on the claim and effect on the duration of confinement.  See Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).  Time credit loss may be one way to establish the necessary nexus for a challenge to a prison disciplinary conviction, but it is not the only showing that would permit the exercise of habeas corpus jurisdiction over such a challenge.  In Docken, the United States Court of Appeals for the Ninth Circuit held that habeas corpus jurisdiction lies over a claim that changes to the frequency of parole review violates the Ex Post Facto Clause.  Specifically, the court held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that,

so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." Id. at 1031.  Thus, a showing of that a prison disciplinary conviction has had an impact on either the timing of parole consideration or an actual parole decision may be sufficient to establish the court's habeas corpus jurisdiction over a challenge to that disciplinary conviction.

The record before the court reflects that petitioner did not lose any time credits as a result of the challenged prison disciplinary conviction, and that he is no longer serving a term in a segregated housing unit as a result of that disciplinary conviction.  See Ex. K to Petitioner's Evidence, filed May 18, 2011.  The record also reflects that petitioner's minimum eligible parole date has not been affected by the challenged prison disciplinary proceeding.  See Exs. 1 and 2 to Respondent's Response to Court Order, filed May 31, 2011.[1]

Petitioner is serving a prison sentence that includes the possibility of parole consideration.  However, his minimum eligible parole date is August 19, 2022, and there is no evidence in the record that he has had any hearing at which the California Board of Parole Hearings has considered his eligibility for release on parole or relied on the challenged disciplinary conviction to deny petitioner release on parole.  The court cannot presume that the disciplinary conviction at issue will have adverse consequences upon petitioner in the future.  See Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003) (presumption of collateral consequences does not attach to prison disciplinary convictions). Thus, unless and until the challenged disciplinary conviction is actually relied on by the California Board of Parole Hearings in a manner that extends petitioner's confinement, this court is without jurisdiction to consider a challenge to that conviction.  For that reason, this action should be dismissed without prejudice.

/////

---

[1] It now appears clear that petitioner's contentions concerning "changes" to his "release date" as a result of the challenged disciplinary conviction refer to calculations concerning his release date from a segregated housing unit, and not to his parole eligibility date.  See Ex. K to Petitioner's Evidence.

1          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
2  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when
3  it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of
4  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
5  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either
6  issue a certificate of appealability indicating which issues satisfy the required showing or must
7  state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons
8  set forth in these findings and recommendations, petitioner has not made a substantial showing of
9  the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.
10         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
11         1. Respondent's January 11, 2011 motion to dismiss (Doc. No. 17) be granted;
12         2. This action be dismissed without prejudice; and
13         3. The district court decline to issue a certificate of appealability.
14         These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
19 objections shall be filed and served within fourteen days after service of the objections.  The
20 parties are advised that failure to file objections within the specified time may waive the right to
21 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
22 DATED: July 19, 2011.

25 DAD:12
   cook2399.mtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

4